MYERS ROYAL SPICE COMPANY, APPELLANT, V. WALLACE B. GRISWOLD, APPELLEE.

FILED NOVEMBER 10, 1906.   No. 14,456.

Sale: BREACH OF CONTRACT: DAMAGES. Plaintiff, through its traveling salesman, took defendant's order for a quantity of "stock food." At the time the order was taken such salesman was assisting the defendant in selling and creating a market for stock food of the same kind previously sold to the defendant by plaintiff, and the order was given on condition that such salesman would continue thus to assist the defendant for a certain time. The salesman left immediately after taking the order, and gave the defendant no further assistance. *Held*, That the measure of defendant's damage is the reasonable value of the services which were to be rendered to him by the salesman according to the terms of the contract of sale.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed.*

*Wilson & Brown*, for appellant.

*H. J. Whitmore, contra.*

ALBERT, C.

This litigation commenced in justice court, and reached the district court on appeal. The petition alleges the sale and delivery of certain stock food by the plaintiff to the defendant, and that there is due therefor from the defendant to the plaintiff the sum of $120, with interest from October 6, 1903, the date of sale. The answer contains a general denial, which is followed by these allegations: "Further answering defendant alleges that the goods for which plaintiff now asks judgment in this action were shipped by plaintiff to defendant upon the express condition and understanding that the plaintiff should have an experienced salesman come to and remain in defendant's territory for at least one week, actively at work soliciting orders from the trade for plaintiff's goods, and introduc-

ing same to the public, and thereby enable this defendant to build up a market for the goods theretofore received by him from plaintiff as well as the goods described in plaintiff's petition; that plaintiff wholly failed to keep and comply with the said agreement, and did not send a salesman to remain and work in said territory for at least one week, and that by reason thereof this defendant, when said goods arrived at Lincoln, refused to accept them, but placed them in his warehouse, and immediately notified plaintiff that he would not accept them and that they were in the warehouse subject to plaintiff's disposal, and that defendant has since repeatedly notified plaintiff of his rescission of said purchase, but that plaintiff has failed and neglected to remove said goods from defendant's warehouse where they still remain subject to plaintiff's order." As a further defense, in the nature of a counterclaim, the answer alleges that in May, 1903, and previous to the sale and delivery of the goods in question, the plaintiff had sold a quantity of goods of the same character, and that it was a part of the contract of the sale thereof that the plaintiff would "at once put one or more experienced men at work in defendant's territory who would travel with defendant's men, and introduce said goods and place orders for same with defendant, and said Caldwell assured defendant that the greater part, if not all of said trial orders, would be disposed of by plaintiff's own men, and without any expense to defendant, and that defendant's own salesmen would be instructed in the best method of handling said stock food, and be enabled to conduct a successful trade thereof in the future." It is further alleged that the plaintiff failed to keep and perform its said contract with respect to putting one or two men in defendant's territory for the purposes hereinbefore stated, and did not put a man in said territory until about September 1, 1903, "who visited but few places, and secured but a very few orders," and that by reason of plaintiff's failure to keep and perform that part of its said contract the defendant has been damaged in the sum of $170. The de-

fendant includes in his counterclaim a charge for freight and storage on goods covered by the second sale, that being the sale upon which plaintiff bases its right to recover. The reply is a general denial.

The evidence shows that the first contract of sale, as well as that upon which plaintiff seeks to recover, was made by the defendant with a traveling salesman acting for the plaintiff, and fully sustains the allegations of the answer with respect to the conditions upon which the sales were respectively made. It further shows that at the time the second sale was made plaintiff's traveling salesman who acted for the plaintiff in making the sale was in the defendant's territory in pursuance of the first contract of sale assisting the defendant to establish a market for the goods; that he represented to the defendant that the goods on hand could not be sold on account of the size of the packages, unless there were larger packages to go with them, and that at his solicitation defendant gave an order for a ton of the goods in packages of a larger size, on condition that the salesman would continue a week longer in his efforts to dispose of the goods already on hand. The order was made out in writing and forwarded to the house, the salesman adding thereto this provision: "Provided my services are continued for a time." It appears from the evidence that the salesman left the territory immediately after taking the order and made no further effort to dispose of the goods on hand or establish a market for them. The defendant offered evidence tending, it is claimed, to show a rescission of the contract of sale on which the suit was brought, which was excluded. The reason of this ruling is not clear, but it was apparently on the theory that, the goods having been delivered, the defendant could not rescind, but was left to his remedy for damages for breach of contract, and the cause was submitted on that theory. Ordinarily under such circumstances the defendant would be entitled to rescind.

Among the instructions given by the court are the following: "(5) If you find and believe that the plaintiff

so failed in its contract, and that the defendant has been damaged, then and in that event you are instructed that the measure of the defendant's damage would be the difference between the contract price for such merchandise and the actual value thereof in the city of Lincoln, in the defendant's possession, after the failure of the said plaintiff to comply with its said contract. (6) That is, in event you find and believe that the said plaintiff failed to comply with its contract and furnish an agent for a reasonable length of time, and that on account thereof the merchandise became valueless to the defendant, and there was no market therefor, and on account of plaintiff's failure the defendant could not sell the same, then and in that event the defendant's set-off for damages would be equal to the amount of the plaintiff's claim herein and there would be no recovery on the part of the plaintiff. On the other hand, if you find and believe that such goods still had a value, notwithstanding the plaintiff's failure to comply with its contract, but that the defendant was only embarrassed in the sale thereof, and hindered and delayed in the disposition of the same, then and in that event, from all the evidence now before you, it is for you to say what actual damages the defendant sustained by reason of such failure on the plaintiff's part." The jury found in favor of the defendant in the sum of $185 and, after deducting therefrom $131.90, the amount found due the plaintiff on its cause of action, returned a verdict in favor of the defendant for the remainder. From a judgment rendered on the verdict the plaintiff appeals.

The appeal is prosecuted in pursuance of the provisions of an act of 1905, providing for appeals to this court in all civil cases, and repealing the provisions of the code providing a remedy by proceedings in error in such cases. Code, sec. 675. The defendant contends that the appeal should be dismissed because the act in question is unconstitutional. Even were we to resolve that question in favor of the defendant, it would avail him nothing, because we should still be required to review the case. The

plaintiff filed a transcript within the time required by the amendatory act, as well as within the time required by the former provisions of the code with respect to proceedings in error. The transcript is accompanied by an assignment of errors, wherein the errors are assigned with all the particularity required in a petition in error. The defendant has entered a general appearance. The jurisdiction of this court is therefore complete and its duty to review the cause imperative, whether the new act providing a remedy by appeal or the former provisions of the code with respect to proceedings in error be held to be in force. Consequently, the constitutionality of the act in question is not necessarily involved, and we must forego its discussion.

The plaintiff complains of the instructions hereinbefore set out because they do not state the correct rule for the measure of damages and have no foundation in the evidence. This complaint we think is well founded. There is no evidence from which the jury could find that the goods had depreciated in value in any specific amount because of the plaintiff's failure to comply with its part of the contract with respect to furnishing a salesman to assist in disposing of them. Indeed, it is hardly conceivable that such evidence is attainable, because, of necessity, it must be based on mere conjecture and speculation as to the profits the defendant would have realized in consequence of the efforts of the salesman furnished by the plaintiff had one been furnished. The plaintiff's default consists of its failure to furnish a salesman according to the terms of its agreement. The defendant's loss on account of such failure is the loss of the services of such salesman, and his damage is the reasonable value of the services of a salesman to perform the services which the plaintiff agreed as part of its contract of sale its salesman would perform for the defendant at the time and place specified. The plaintiff also complains of the ruling of the court on its motion to strike certain portions of the answer on the ground that they contain matters in

defense which were not pleaded in justice court. No complaint is made on this ruling in the motion for a new trial, therefore it is unnecessary to consider it at this time.

For the errors in the instruction as to the measure of damages, it is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.